# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 12-298V
**Filed: September 28, 2018**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| SHELAINE HARMON,                        * | |
|                                         * | Case No. 12-298V |
|         Petitioner,                     * | |
|                                         * | Chief Special Master Dorsey |
| v.                                      * | |
|                                         * | Damages Award; Proffer; |
| SECRETARY OF HEALTH                     * | Human Papillomavirus ("HPV") |
| AND HUMAN SERVICES,                     * | Vaccine; Gardasil; Central Nervous |
|                                         * | System ("CNS") Demyelinating |
|         Respondent.                     * | Disorder. |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Robert P. Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING DAMAGES[1]**

On May 8, 2012, Shelaine Harmon ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that the Gardasil human papillomavirus ("HPV") vaccine she received on June 4, 2009, caused her to develop a chronic autoimmune demyelinating illness. Petition at 1. On June 6, 2017, the undersigned issued a decision finding that petitioner was entitled to compensation.

On September 27, 2018, respondent filed a Proffer on Award of Compensation ("Proffer"). In the Proffer, respondent represented that petitioner agrees with the proffered

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

1

award. Proffer at 1-2. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**(1) A lump sum payment of $1,473,004.35, representing compensation for lost earnings ($962,754.83), pain and suffering ($250,000.00), and life care expenses expected to be incurred during the first year after judgment ($260,249.52), in the form of a check made payable to petitioner.**

**(2) A lump sum payment in the amount of $291,514.17, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and the Illinois Department of Healthcare & Family Services.**

**(3) A lump sum payment in the amount of $162,383.80, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and the Michigan Department of Health & Human Services.**

**(4) An amount sufficient to purchase the annuity contract described in section II.D. of the Proffer.**

Proffer at 3-5.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SHELAINE HARMON,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 12-298V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

   A.    Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, RN, CDDN, CNLCP, and petitioner engaged Susan Guth, LGSW, C-ASWCM, CCM, CLCP, to provide an estimation of Shelaine Harmon's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the Chief Special Master's Ruling on Entitlement, filed June 6, 2017. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Shelaine Harmon, attached hereto as Tab A.[1]  Respondent proffers that Shelaine Harmon should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[2]  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[2] The parties have no objection to the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties intend to waive their right to seek review of such damages decision, recognizing that respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek

B.  Lost Earnings

The parties agree that based upon the evidence of record, Shelaine Harmon has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Shelaine Harmon should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Shelaine Harmon's lost earnings is $962,754.83. Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that Shelaine Harmon should be awarded $250,000.00 in actual pain and suffering. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.  Past Unreimbursable Expenses

Petitioner represents that she has not incurred past unreimbursable expenses related to her vaccine-related injury.

E.  Illinois Medicaid Lien

Respondent proffers that Shelaine Harmon should be awarded funds to satisfy a State of Illinois lien in the amount of $291,514.17, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Illinois may have against any individual as a result of any Medicaid payments the State of Illinois has made to or on behalf of Shelaine Harmon from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about June 4, 2009, under Title XIX of the Social Security Act.

F.  Michigan Medicaid Lien

Respondent proffers that Shelaine Harmon should be awarded funds to satisfy a State of Michigan lien in the amount of $162,383.80, which represents full satisfaction of any right of

---

review of the June 6, 2017 decision finding petitioner entitled to an award under the Vaccine Act. This right accrues following entry of judgment.

subrogation, assignment, claim, lien, or cause of action that the State of Michigan may have against any individual as a result of any Medicaid payments the State of Michigan has made to or on behalf of Shelaine Harmon from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about June 4, 2009, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to Shelaine Harmon should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $1,473,004.35, representing compensation for life care expenses expected to be incurred during the first year after judgment ($260,249.52), lost earnings ($962,754.83), and pain and suffering ($250,000.00), in the form of a check payable to petitioner, Shelaine Harmon.

B.  A lump sum payment of $291,514.17, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and

> Illinois Department of Healthcare & Family Services
> Bureau of Collections
> Technical Recovery Section
> 401 S. Clinton, 5th Floor
> Chicago, IL 60607-3800
> Case #: 93-237-0000K22520
> Attn: Mr. Nicholas Flores

Petitioner agrees to endorse this payment to the Illinois Department of Healthcare & Family Services.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

C. A lump sum payment of $162,383.80, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and

> Michigan Department of Health & Human Services
> Third Party Liability Division
> P.O. Box 30435
> Lansing, MI 48909-7979
> Medicaid ID #: 0006798329
> Attn: Ms. Rachel Sebolt

Petitioner agrees to endorse this payment to the Michigan Department of Health & Human Services.

D. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Shelaine Harmon, only so long as Shelaine Harmon is alive at the time a particular payment is

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Shelaine Harmon, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Shelaine Harmon's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    <u>**Summary of Recommended Payments Following Judgment**</u>

    A.    Lump Sum paid to petitioner, Shelaine Harmon:    **$1,473,004.35**

    B.    Illinois Medicaid lien:    **$ 291,514.17**

    C.    Michigan Medicaid lien:    **$ 162,383.80**

    D.    An amount sufficient to purchase the annuity contract described above in section II.D.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/Robert P. Coleman, III*
ROBERT P. COLEMAN, III
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 305-0274

Dated: September 27, 2018

Appendix A: Items of Compensation for Shelaine Harmon  Page 1 of 4

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-34 | Compensation Years 35-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2022 | 2023 | 2024-2027 | 2028 | 2029-2051 | 2052-Life |
| Medicare Part B Premium | 5% | | M | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | 1,608.00 | |
| Medicare Part B Deductible | 5% | * | | | | | | | | 183.00 |
| Medicare Supp Premium | 5% | | M | 2,218.56 | 2,218.56 | 2,218.56 | 2,218.56 | 2,218.56 | 2,218.56 | 1,692.00 |
| Medicare Supp MOP | 5% | | | 2,240.00 | 2,240.00 | 2,240.00 | 2,240.00 | 2,240.00 | 2,240.00 | |
| Medicare Part D Premium | 5% | | M | 212.40 | 212.40 | 212.40 | 212.40 | 212.40 | 212.40 | 212.40 |
| Medicare Part D Rx | 5% | | M | 2,838.36 | 2,838.36 | 2,838.36 | 2,838.36 | 2,838.36 | 2,838.36 | 2,838.36 |
| PCP | 5% | * | | | | | | | | |
| Neurology | 5% | * | | | | | | | | |
| Plasmapheresis | 5% | * | | | | | | | | |
| MRI Brain | 5% | * | | | | | | | | |
| MRI Cervical Spine | 5% | * | | | | | | | | |
| Sedation for MRIs | 5% | * | | | | | | | | |
| MRI Thoracic Spine | 5% | * | | | | | | | | |
| Swallow Study | 5% | * | | | | | | | | |
| Neuro-psych Eval | 5% | * | | | | | | | | |
| PM&R | 4% | * | | | | | | | | |
| Baclofen Pump Refills | 5% | * | | | | | | | | |
| Baclofen Pump Repl. | 5% | * | | | | | | | | |
| Urology | 5% | * | | | | | | | | |
| Cystoscopy | 5% | * | | | | | | | | |
| Urinalysis | 5% | * | | | | | | | | |
| Urine Culture | 5% | * | | | | | | | | |
| Renal Ultrasound | 5% | * | | | | | | | | |
| Post Void Residual | 5% | * | | | | | | | | |
| Cystometrography | 5% | * | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | |
| Integrative Medicine | 4% | * | | | | | | | | |
| Ophthalmology | 5% | * | | | | | | | | |
| Visual Field Testing | 4% | * | | | | | | | | |
| Nutrition | 4% | | | 120.00 | | | | | | |
| Psychiatry | 5% | * | | | | | | | | |

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-34 | Compensation Years 35-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2022 | 2023 | 2024-2027 | 2028 | 2029-2051 | 2052-Life |
| Counseling | 4% | * | | | | | | | | |
| ER | 5% | * | | | | | | | | |
| Hospitalization | 5% | * | | | | | | | | |
| Supra-pubic Catheter Insertion | 5% | * | | | | | | | | |
| Care Manager | 4% | | M | 3,600.00 | 3,600.00 | 3,600.00 | 3,600.00 | 6,000.00 | 6,000.00 | 6,000.00 |
| Baclofen | 5% | * | | | | | | | | |
| Floricet | 5% | | | 380.76 | 380.76 | 380.76 | 380.76 | 380.76 | 380.76 | 380.76 |
| Colace | 4% | | | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 | 73.00 |
| Senna | 4% | | | 55.10 | 55.10 | 55.10 | 55.10 | 55.10 | 55.10 | 55.10 |
| Ibuprofen | 4% | | | 7.30 | 7.30 | 7.30 | 7.30 | | | |
| Percocet | 5% | * | | | | | | | | |
| Tizanidine | 5% | * | | | | | | | | |
| Ativan | 5% | * | | 124.10 | 124.10 | 124.10 | 124.10 | | | |
| Ditropan | 5% | * | | | | | | | | |
| Alrex | 5% | * | | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 | 480.00 |
| Diazepam | 5% | | | 0.26 | 0.26 | 0.26 | 0.26 | 0.26 | 0.26 | 0.26 |
| Zofran | 4% | | | 115.26 | 115.26 | 115.26 | 115.26 | | | |
| Milk of Magnesia | 4% | | | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 | 1.26 |
| Nystatin | 5% | * | | | | | | | | |
| EMLA | 4% | | | 32.36 | 32.36 | 32.36 | 32.36 | 32.36 | 32.36 | 32.36 |
| Cranberry | 4% | | | 102.20 | 102.20 | 102.20 | 102.20 | 102.20 | 102.20 | 102.20 |
| Vit D3 | 4% | | | 3.12 | 3.12 | 3.12 | 3.12 | 3.12 | 3.12 | 3.12 |
| Boost | 4% | | | 463.55 | 463.55 | 463.55 | 463.55 | 463.55 | 463.55 | 463.55 |
| Bowel Program, Meds/Supplies | 4% | | | | | | | 25.00 | 25.00 | 25.00 |
| Catheters & Supplies | 4% | * | | | | | | 25.00 | 25.00 | 25.00 |
| Wipes | 4% | | | 252.42 | 252.42 | 252.42 | 252.42 | 252.42 | 252.42 | 252.42 |
| Disposable Bed Pads | 4% | | | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Adult Briefs | 4% | | | 186.15 | 186.15 | 186.15 | 186.15 | 186.15 | 186.15 | 186.15 |
| Reusable Bed Pads | 4% | | | 77.76 | 77.76 | 77.76 | 77.76 | 77.76 | 77.76 | 77.76 |
| Gloves | 4% | | | 81.90 | 81.90 | 81.90 | 81.90 | 81.90 | 81.90 | 81.90 |
| Power Wheelchair | 4% | * | | | | | | | | |

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-34 | Compensation Years 35-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2022 | 2023 | 2024-2027 | 2028 | 2029-2051 | 2052-Life |
| Power Wheelchair Maintenance | 4% | * | | | | | | | | |
| Manual Wheelchair | 4% | | | 4,000.00 | 470.59 | 470.59 | 470.59 | 470.59 | 470.59 | 470.59 |
| Roho Cushion | 4% | * | | | | | | | | |
| AFO | 4% | * | | | | | | | | |
| Raised Toilet Seat | 4% | | | 36.36 | 36.36 | 36.36 | 36.36 | 36.36 | 36.36 | 36.36 |
| Transfer Shower Bench | 4% | | | 253.00 | | 253.00 | | | | |
| Rolling Shower Chair | 4% | | | | | | | 3,860.00 | 772.00 | 772.00 |
| Long Handled Brush | 4% | | | 12.60 | 12.60 | 12.60 | 12.60 | 12.60 | 12.60 | 12.60 |
| Hand Held Shower | 4% | | | 3.09 | 3.09 | 3.09 | 3.09 | 3.09 | 3.09 | 3.09 |
| Walker | 4% | | | 100.95 | | | | | | |
| Hoyer Lift | 4% | * | | | | | | | | |
| Slings | 4% | | | | | | | 156.80 | 156.80 | 156.80 |
| Electric Bed | 4% | * | | | | | | | | |
| Air Mattress | 4% | * | | | | | | | | |
| Exercise Bike | 4% | | | 8,000.00 | | | | | | |
| Adapted Utensils | 4% | | | 50.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Portable Ramp | 4% | | | 345.00 | 17.25 | 17.25 | 17.25 | 17.25 | 17.25 | 17.25 |
| ECU | 4% | | | 200.00 | | | | | | |
| Comm System | 4% | * | | | | | | | | |
| PT | 4% | * | | | | | | | | |
| PT Pelvic Floor | 4% | * | | | | | | | | |
| OT | 4% | * | | | | | | | | |
| ST | 4% | * | | | | | | | | |
| Seating Clinic | 4% | * | | | | | | | | |
| Ass. Tech Clinic | 4% | * | | | | | | | | |
| Massage Therapy | 4% | | | 780.00 | 780.00 | | | | | |
| Live-in Caregiver | 4% | | M | 127,750.00 | 127,750.00 | 127,750.00 | 127,750.00 | 127,750.00 | 127,750.00 | 127,750.00 |
| Caregiver Stipend | 4% | | M | 3,043.20 | 3,043.20 | 3,043.20 | 3,043.20 | 3,043.20 | 3,043.20 | 3,043.20 |
| Skilled Nursing | 4% | | M | 1,350.00 | 1,350.00 | 1,350.00 | 1,350.00 | | | |
| House Cleaning | 4% | | | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 | 1,440.00 |
| Wheelchair Accessible Van | 4% | | | 46,995.00 | | | | | | |

**Appendix A: Items of Compensation for Shelaine Harmon**  Page 4 of 4

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-34 | Compensation Years 35-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2018 | 2019-2022 | 2023 | 2024-2027 | 2028 | 2029-2051 | 2052-Life |
| Van Conversion | 4% | | | | | | | 25,000.00 | 2,500.00 | 2,500.00 |
| Van Maintenance | 4% | | | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |
| Home Modifications | 0% | | | 50,000.00 | | | | | | |
| Dehumidfier | 4% | | | 46.50 | 46.50 | 46.50 | 46.50 | 46.50 | 46.50 | 46.50 |
| Lost Earnings | | | | 962,754.83 | | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | | |
| Illinois Medicaid Lien | | | | 291,514.17 | | | | | | |
| Michigan Medicaid Lien | | | | 162,383.80 | | | | | | |
| Annual Totals | | | | 1,926,902.32 | 150,693.41 | 150,166.41 | 149,913.41 | 179,783.55 | 154,195.55 | 150,003.99 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($260,249.52), lost earnings ($962,754.83), pain and suffering ($250,000.00): $1,473,004.35.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Illinois, as reimbursement of the state's Medicaid lien: $291,514.17.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Michigan, as reimbursement of the state's Medicaid lien: $162,383.80.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.