# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed: July 3, 2019)

```
* * * * * * * * * * * * *
SHELAINE HARMON,              *     UNPUBLISHED
                              *
                              *     No. 12-298V
          Petitioner,         *
                              *     Chief Special Master Dorsey
v.                            *
                              *     Attorneys' Fees and Costs
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
          Respondent.         *
* * * * * * * * * * * * *
```

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
Robert P. Coleman, III, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 8, 2012, Shelaine Harmon ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] ("Vaccine Act"). Petitioner alleged that the Gardasil human papillomavirus ("HPV") vaccine she receivedon June 4, 2009, caused her to develop a chronic autoimmune demyelinating illness. Petition at 1. On June 6, 2017, the undersigned issued her Decision finding that petitioner was entitled to compensation. Harmon v. Sec'y of Health & Human Servs., No. 12-298V, 2017 WL 2872293 (Fed. Cl. Spec. Mstr. Jun. 6, 2017). On September 27, 2018, the parties filed a Proffer,

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

which the undersigned adopted as her Decision awarding damages on September 28, 2018. ECF No. 135.

On March 19, 2018, petitioners filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 140). Petitioners request compensation in the amount of $306,085.24, representing $197,287.30 in attorneys' fees and $108,797.94 in costs. Fees App. at 1. In compliance with General Order No. 9, petitioner represents that she has not personally incurred any costs in pursuit of this litigation. Id. Respondent responded to the motion on March 27, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2–3 (ECF No. 141). Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioners' motion and awards a total of $295,433.38.

**I.     Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Because compensation was awarded to petitioner, the undersigned finds that he is entitled to an award of reasonable attorneys' fees and costs.

**a.    Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond.  *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

For attorney Ed Kraus, petitioner requests an hourly rate of $335.00 per hour for work performed in 2010-2012, $348.00 per hour for work performed in 2013, $361.00 per hour for work performed in 2014, $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016; $398.00 per hour for work performed in 2017, and $409.00 per hour for work performed in 2018. For attorney Amy Kraus, petitioner requests $260.00 per hour for work performed in 2010-2012, $300.00 per hour for work performed in 2015, $311.00 per hour for work performed in 2016, and $327.00 per hour for work performed in 2018. For attorney Tara O'Mahoney, petitioner requests $210.00 per hour for work performed in 2013, $225.00 per hour for work performed in 2014, and $275.00 per hour for work performed in 2016.

The undersigned finds the requested rates reasonable and in conformance with what Chicago Kent attorneys have previously been awarded in the Vaccine Program. *See* Arranga v. Sec'y of Health & Human Servs., No. 02-1616V, 2018 WL 2770820, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Accordingly, no adjustment is necessary.

### ii.   Reasonable Hours Expended

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate.  For reasons explored more thoroughly below, the undersigned reduces the requested fees by 5%, resulting in a deduction of **$9,864.36**.

### 1. Vague Billing Entries

The undersigned has previously found it reasonable to decrease an award of attorneys' fees for vagueness.  *See* Barry v. Sec'y of Health & Human Servs., No. 12-39, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reducing a fee award by 10% due to vague billing entries); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the

application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468, at *8.

The undersigned has reviewed the submitting billing entries and notes two main issues concerning vague billing entries. First, counsel has billed large blocks of time with only vague descriptions of the work being performed. This is particularly noticeable in the entries concerning preparation for the entitlement hearing. Examples of this include the following: 7/15/16 – Prepare for hearing – 7.50 hours, 7/18/16 – Prepare for hearing – 7.10 hours, 7/18/16 – Prepare for hearing – 9.00 hours. Fees App. at 14. Second, counsel has billed a large amount of time overall for correspondence with various individuals (his client, his expert, opposing counsel) but these entries rarely contain any information about the nature of the correspondence.[3] This is especially problematic because, as will be discussed further in the next section, counsel's billing entries for time spent on correspondence (both telephonic and e-mail) appear to be excessive. Greater detail would allow the undersigned to better determine the reasonableness of the length of these entries. Overall, the general vagueness of these entries supports a reduction of fees.

### 2. Excessive Communication Time

In the undersigned's review of the billing entries, she noticed that most of the correspondence was billed for 0.2 or 0.3 hours. This has led to an overall excessive amount of time billed on correspondence. While it is expected for calls and e-mails to take varying amounts of time depending on the topic, in the undersigned's experience, it is exceedingly unlikely that virtually all communication took 12-18 minutes at a minimum.[4] Exacerbating this issue is the fact that many of these billing entries do not describe the topic of the communication, or whether a single billing entry for 0.3 hours is one call/e-mail or an amalgamation of an entire day's worth of e-mail correspondence, thereby making it impossible for the undersigned to determine their reasonableness. In sum, the undersigned finds the amount of time billed on communication to be excessive.

### b. Attorneys' Costs

Petitioner requests a total of $108,797.94 in attorneys' costs. The majority of this amount is comprised of work performed by several experts: Dr. Mark Greenspan ($14,250.00), Dr. Yehuda Shoenfeld ($7,000.00), Dr. Nizar Souayah ($45,750.00), and the Coordinating Center for preparation of a life care plan ($29,974.46). The remainder of the costs are for acquisition of

---

[3] The undersigned notes that this issue has largely been remedied in more recent billing entries, such as those for 2018. However, because this case requires review of work dating back to 2010, the undersigned notes that most of entries involving communication are vague.

[4] The undersigned notes that there are instances of communication billed at 0.1 hours, but such examples are the exception to the general trend rather than the standard. Additionally, these examples are more prevalent in more recent billing entries, again suggesting that Mr. Kraus' billing practices have improved over time.

medical records, postage, and travel expenses incurred from the entitlement hearing. Fees App. at 33-35. Petitioner has provided sufficient documentation for all of her requested costs. The undersigned has reviewed all of this documentation and finds that one reduction is necessary.

The reduction concerns travel time billed by petitioner's life care planner. The billing records indicate that 9.0 hours of time was billed at the full rate of $175.00 per hour for travel. Fees App. at 135. The Vaccine Program has consistently compensated travel at one-half an expert's rate absent proof that case work was being performed while traveling. *See Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323, at *19 (Fed. Cl. Spec. Mstr. Nov. 2, 2016); *Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. Jun. 20, 2018). The undersigned will compensate time spent traveling at one-half of the life care planner's rate, resulting in a reduction of **$787.50**. Petitioner is therefore awarded final attorneys' costs of **$108,010.44**.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $197,287.30 |
|---|---|
| (Total Reduction from Billing Hours) | - ($9,864.36) |
| **Total Attorneys' Fees Awarded** | **$187,422.94** |
|  |  |
| Attorneys' Costs Requested | $108,797.94 |
| (Reduction of Costs) | - ($787.50) |
| **Total Attorneys' Costs Awarded** | **$108,010.44** |
|  |  |
| **Total Amount Awarded** | **$295,433.38** |

**Accordingly, the undersigned awards the following:**

1) **$295,433.38 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Edward Kraus.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                              **s/Nora Beth Dorsey**
                                                              Nora Beth Dorsey
                                                              Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.